UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No: C 10-5093 SBA |
| Plaintiff, | **ORDER ADMINISTRATIVELY CLOSING ACTION** |
| vs. | |
| ROMARIO SALVADOR MIRANDA, individually and d/b/a WEDGE BAR, | |
| Defendant. | |

Plaintiff J & J Sports Productions, Inc., commenced the instant action against Defendant Romario Salvador Miranda under the Communications Act of 1934. The Complaint alleges that Defendant engaged in an unauthorized display of "Firepower: Manny Pacquiao v. Miguel Cott, WBO Welterweight Championship Fight Program" at his bar in Daly City, California. After the Clerk entered default against Defendant, Plaintiff filed a motion for default judgment, which the Court referred to a magistrate judge for a report and recommendation.

On August 4, 2011, Magistrate Judge Elizabeth LaPorte ("the Magistrate") issued her Report and Recommendation in which she recommended, inter alia, granting Plaintiff's motion for default judgment, but awarding damages in amounts less than Plaintiff had requested. Dkt. 24. On August 18, 2011, Plaintiff J & J Sports Production's, Inc. filed a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge. Dkt. 27.

The Court notes that Plaintiff has sued Defendant several times in this Court based on similar conduct. In one of those actions, Plaintiff notified the Court that Defendant has filed a Chapter 7 bankruptcy petition and correspondingly requested a stay of the action, presumably due to the automatic stay provision of 11 U.S.C. § 362. See J & J Sports

Prods., Inc. v. Romarico Salvador Miranda, No. C 10-1810 JSW, Dkt. 45.  Yet, Plaintiff failed to similarly notify this Court of Defendant's bankruptcy status.  Indeed, Plaintiff's case management statement filed on November 9, 2011, inexplicably makes no mention of Defendant's bankruptcy.  Nonetheless, the Court has reviewed the bankruptcy court's docket and has confirmed that Defendant's bankruptcy action, In re Romarico Salvador Miranda, No. 11-32593 TEC 7 (N.D. Cal. Bkrtcy. Ct.), remains pending, and there is no indication that the bankruptcy court has granted any party relief from the automatic stay.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (noting that a district court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'").  Accordingly,

    IT IS HEREBY ORDERED THAT, in view of the automatic stay, the Clerk of the Court is directed administratively to close the case for statistical purposes.  The parties shall notify the Court within **ten (10) days** of the lifting of the bankruptcy stay, and this matter shall thereafter be reopened.  The Court DENIES WITHOUT PREJUDICE Plaintiff's pending motion for default judgment and motion for de novo review of the Magistrate's report and recommendation.  This Order is without prejudice to Plaintiff refiling said motions after the stay is lifted.  This Order terminates Docket 17, 24 and 27.

    IT IS SO ORDERED.

Dated:  November 14, 2011

    *Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge